IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02957-BNB

GARY WAYNE TURNER,

    Plaintiff,

v.

FRANCES FALK, Warden,
ROBERT BUTCHER, Major,
MS. SHARP, Teacher,
MS. DUMMIT, Teacher I,
JACKSON, Lieutenant, and
STEVEN GOSSETT, CM,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Gary Wayne Turner, is in the custody of the Colorado Department of Corrections and is incarcerated at the Correctional Facility in Limon, Colorado (LCF). He has filed a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Turner has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Turner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Turner will be ordered to file an amended complaint.

Mr. Turner alleges in the Complaint that in June 2013, Defendant Butcher, the LCF programs director, issued him a COPD charge for sexual harassment based on Plaintiff's references to anal sex in a class essay that was reviewed by Defendants Sharp and Dummit.  Defendant Butcher also terminated Plaintiff's participation in the college course.   Plaintiff alleges that Defendant Warden Falk approved Plaintiff's removal from the class.  Mr. Turner further alleges that Defendant Steven Gossett, Plaintiff's case manager, changed Plaintiff's prison classification concerning his prior criminal history, without affording him a hearing, in order to keep Plaintiff housed at a closed facility.  Plaintiff asserts that Defendants have violated his First Amendment right to freedom of speech, his Fourteenth Amendment due process rights, and have retaliated against him for filing grievances concerning racism.  Mr. Turner requests injunctive and monetary relief.

The Prisoner Complaint is deficient because Mr. Turner fails to allege specific facts to show the personal participation of the Defendants in a violation of his constitutional rights.  Indeed, he does not make any allegations against Defendant Lt. Jackson in the body of the Complaint.  Personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisor, such as Defendant Warden Falk, can only be held liable for his  own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors

are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore, the Constitution does not entitle an inmate to any particular security classification in prison. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994); *see also Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (recognizing that custodial classification decisions are best left to the discretion of prison officials). Instead, a due process claim arises only if the change in classification imposed an atypical or significant hardship upon the inmate in relation to the ordinary incidents of prison life, *see Sandin v. Conner*, 515 U.S. 472, 480 (1995), or threatened to lengthen his term of confinement, *id.* at 487.

To state an arguable retaliation claim, Mr. Turner must allege specific facts to show that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991). *See also Gee v. Pacheco,* 627 F.3d 1178, 1189 (10th Cir. 2010) (plaintiff must state facts to show that defendants were aware of the plaintiff's protected activity, that the protected activity complained of defendants' actions, and that the adverse action was in close temporal proximity to the protected activity). Accordingly, it is

ORDERED that Plaintiff, Gary Wayne Turner, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.  It is

DATED December 2, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge