IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02957-PAB-MJW

GARY WAYNE TURNER,

Plaintiff,

v.

FRANCES FALK, Warden,
ROBERT BUTCHER, Major,
JACKSON, Lieutenant,
INFANTE, Lieutenant, and
MS. DUMMIT, Teacher I,

Defendants.

**ORDER ON
DEFENDANTS FALK, BUTCHER, JACKSON, AND INFANTE'S MOTION TO STAY
DISCOVERY AND VACATE THE SCHEDULING CONFERENCE
(Docket No. 36)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 12) issued by Judge Philip A. Brimmer on January 8, 2014.

Now before the court is Defendants Falk, Butcher, Jackson, and Infante's Motion to Stay Discovery and Vacate the Scheduling Conference (Docket No. 36). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. Furthermore, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Pro se incarcerated plaintiff Gary Wayne Turner brings claims implicating the

First Amendment.  Defendants filed their Motion to Dismiss (Docket No. 34) on March 27, 2014.  Defendants assert plaintiff's claims should be dismissed based on qualified immunity and failure to state a claim.  In the subject motion, defendants request that all proceedings be stayed pending resolution of the motion to dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery."  Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  Id. at 643-44.

As stated above, defendants raise qualified immunity as a defense in their pending motion to dismiss.  The case is still in the early stages of litigation; defendants responded to plaintiff's operative complaint with the pending motion to dismiss that could fully dispose of plaintiff's claims before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to control its own docket.  See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing

Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery.  See Behrens v. Pelletier, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).  Considering the early filing of the motion to dismiss premised in part on qualified immunity, the court finds that the circumstances evaluated in Rome are inapplicable to the case at hand.

When considering a stay of discovery in a broader context, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See String Cheese Incident v. Stylus Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter.  Most significantly, the court finds that the interest of plaintiff to proceed expeditiously is outweighed by the burden on defendants of having to participate in discovery while a motion to dismiss on jurisdictional grounds is pending.

Furthermore, while the court typically discourages stays of discovery, the court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety.  See Harris

4

v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants Falk, Butcher, Jackson, and Infante's Motion to Stay Discovery and Vacate the Scheduling Conference (Docket No. 36) is **GRANTED.** This matter is **STAYED** pending resolution of the pending motion to dismiss (Docket No. 34). It is further

**ORDERED** that the Scheduling Conference set for April 14, 2014 at 1:30 p.m. is **VACATED**. It is further

**ORDERED** that the Show Cause Hearing set for April 14, 2014 at 1:30 p.m. will go forward as scheduled.

Date: April 7, 2014                 s/ Michael J. Watanabe
     Denver, Colorado           Michael J. Watanabe
                                           United States Magistrate Judge