IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02957-PAB-MJW

GARY WAYNE TURNER,

    Plaintiff,

v.

FRANCES FALK, Warden,
ROBERT BUTCHER, Major,
JACKSON, Lieutenant,
INFANTE, Lieutenant, and
MS. DUMMIT, Teacher I,

    Defendants.

## ORDER

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 45] filed on April 14, 2014. The magistrate judge recommends that, pursuant to Federal Rule of Civil Procedure 4(m), the Court dismiss without prejudice claims against defendant Ms. Dummit, Teacher I. Docket No. 45 at 2. Plaintiff Gary Wayne Turner filed a timely objection. Docket No. 47. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not

appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The facts of this case have been set forth elsewhere and will not be restated here except as relevant to resolving plaintiff's objection. *See* Docket No. 12. On October 28, 2013, plaintiff filed his complaint against defendants and "(Teacher) Ms. Sharp." Docket No. 1. On December 30, 2013, plaintiff filed an amended complaint. Docket No. 11. On January 8, 2014, plaintiff's claims against defendant Sharp were dismissed. Docket No. 12 at 3-4. On February 11, 2014, the magistrate judge issued an order to show cause why Ms. Dummit should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve Ms. Dummit and for failure to prosecute. Docket No. 26 at 2. The magistrate judge noted that it appeared Ms. Dummit was no longer a Colorado Department of Corrections employee and that attempts to serve her at her last known address were unsuccessful. *Id.* at 1. Plaintiff responded to the order to show cause by arguing that failure to obtain proper service does not warrant dismissal of a cause of action. Docket No. 33 at 3. On April 14, 2014, the magistrate judge held a show cause hearing where the parties discussed the identity of Ms. Sharp and the identity of Ms. Dummit. Docket No. 44. The magistrate judge noted that plaintiff failed to supply an address for Ms. Dummit and recommends that the claims against Ms. Dummit be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

2

Plaintiff asserts that, at the April 14, 2014 hearing, counsel for defendants Falk, Butcher, and Jackson informed plaintiff and the magistrate judge that Ms. Dummit's maiden name is Sharp and that Ms. Dummit and Ms. Sharp are the same person. Docket No. 47 at 2.  Plaintiff claims that Ms. Dummit used her maiden name to deceive plaintiff and the Court in order to "avoid prosecution."  *Id.*  Plaintiff claims that, when he brought this action, he believed that Ms. Sharp and Ms. Dummit were different people. *Id.*  Plaintiff filed a motion for a subpoena duces tecum requesting that the Limon Correctional Facility and the Colorado Department of Corrections provide documentation related to Ms. Sharp/Dummit's employment.  *Id.* at 5; *see also* Docket No. 46 at 4.

Plaintiff's objection primarily reiterates the legal and factual arguments advanced in his response to the order to show cause.  *Cf.* Docket No. 33.  More importantly, plaintiff's objections fail to specifically identify any error in the Recommendation.  Thus, plaintiff's objections are not sufficiently specific to "enable [ ] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  However, even if reviewed de novo, the Court finds no error in the Recommendation.

The Federal Rules of Civil Procedure state:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

3

Fed. R. Civ. P. 4(m).[1]  Plaintiff does not dispute that Ms. Dummit was not served within the proper window and that he was afforded an opportunity to show cause why his claims against Ms. Dummit should not be dismissed.  *Cf. Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003) ("The district court had an obligation . . . to give [plaintiff] an opportunity to show why his action should not be dismissed.").  Thus, the only remaining issue before the Court is whether plaintiff showed good cause for his failure to serve Ms. Dummit.  On this point, plaintiff's showing is insufficient.  Although plaintiff's motion seeking a subpoena duces tecum is pending, plaintiff fails to explain why he failed to file such a motion or otherwise make attempts to ascertain Ms. Dummit's address prior to the show cause hearing.  Plaintiff's allegation that Ms. Dummit attempted to deceive him by using her maiden name is without support.  Moreover, plaintiff does not explain why Ms. Dummit's maiden name had any effect on plaintiff's ability to supply the Court with her address or was otherwise necessary to effectuate service.[2]  *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of [Rule 4(m) and] inadvertence or negligence alone does not constitute 'good cause' for failure of timely service").  Thus, the Court

---

[1] Rule 4 was amended in 1993 and Rule 4(j) was recodified as Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

[2] Plaintiff cites *Fletcher v. Dist. Ct. In and For Jefferson Cnty.*, 322 P.2d 96 (Colo. 1958), in support of his argument that failure to serve a defendant does not warrant dismissal of a cause of action. Docket No. 47 at 5.  *Fletcher* holds that an error in a summons does not necessarily require the dismissal of a cause of action, but does not otherwise authorize a plaintiff to maintain an action indefinitely without serving a defendant.  322 P.2d at 96.  Moreover, the Court is not bound by Colorado law on this issue, but by the Federal Rules of Civil Procedure.  Thus, plaintiff's citation to *Fletcher* does not support his argument.

finds that plaintiff has failed to show good cause for his failure to serve Ms. Dummit.

Plaintiff was given 168 days to effectuate service of Ms. Dummit prior to the show cause hearing, yet failed to do so. The Court declines to afford an additional "permissive extension of time" as contemplated by Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 45] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's claims against Ms. Dummit, Teacher I are **DISMISSED** without prejudice.

DATED May 27, 2014.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge