IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02957-PAB-MJW

GARY WAYNE TURNER,

Plaintiff,

v.

FRANCES FALK, Warden,
ROBERT BUTCHER, Major,
JACKSON, Lieutenant, and
INFANTE, Lieutenant,

Defendants.

## RECOMMENDATION ON
## DEFENDANTS FALK, BUTCHER, JACKSON, AND INFANTE'S MOTION TO DISMISS AMENDED COMPLAINT (Docket No. 34)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 13) issued by Judge Philip A. Brimmer on January 8, 2014.

**PLAINTIFF'S ALLEGATIONS**

Pro se prisoner plaintiff Gary Wayne Turner asserts the following in his Amended Prisoner Complaint (Docket No. 11). In June 2013, plaintiff wrote and submitted an essay on domestic abuse for a "customer services" course he was taking for college credit. The essay made several references to anal sex and physical abuse. It was submitted to plaintiff's female teacher.

Plaintiff alleges that as a result of the essay, he was charged with sexual harassment and terminated from the course. The sexual harassment charge resulted in

40 days of punitive segregation and dismissal from the Colorado Department of Corrections ("CDOC") education program.

Plaintiff brings five claims for relief in his Amended Prisoner Complaint (Docket No. 11), three of which remain pending. Plaintiff seeks injunctive and monetary relief. Although each claim involves a different defendant, they all allege retaliation in violation of plaintiff's First Amendment rights. Claim One alleges defendant Falk violated plaintiff's First Amendment rights by upholding plaintiff's Code of Penal Disciplinary ("COPD") conviction for sexual harassment. Claim Two alleges defendant Butcher violated plaintiff's First Amendment rights by releasing plaintiff from the college credit course. Claim Three alleges defendants Jackson and Infante violated plaintiff's First Amendment rights by finding him guilty during the COPD hearing for sexual harassment. Claim Four was dismissed on January 8, 2014 (Docket No. 12). Claim Five was made against defendant Drummit who was dismissed on May 27, 2014 (Docket No. 49).

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants Falk, Butcher, Jackson, and Infante's Motion to Dismiss Amended Complaint (Docket No. 34). The court has carefully considered the Amended Prisoner Complaint (Docket No. 11), the subject motion (Docket No. 34) and plaintiff's response (Docket No. 43) Defendants did not file a reply. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact,

3

conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the

4

speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is

5

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

In the subject motion (Docket No. 34), defendants offer four arguments: (1) claims for monetary damages against defendants in their official capacities are barred; (2) plaintiff cannot recover compensatory damages pursuant to the Prison Litigation Reform Act ("PLRA") and plaintiff has failed to assert a claim for nominal or punitive damages; (3) plaintiff has failed to state a First Amendment retaliation claim; and (4) defendants are entitled to qualified immunity in their individual capacities.

**1. Official Capacity Monetary Damages**

First, defendants argue that plaintiff's monetary claims should be dismissed against them to the extent the claims are brought against defendants in their official capacities. Defendants argue they have Eleventh Amendment immunity against such claims.

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." Hunt v. Colo. Dep't of Corr., 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depravation was committed by a *person* acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). State officials acting in their official capacities are not "persons" acting under color of state law for § 1983 purposes. McLaughlin v. Bd. of Trs. of State Colls. of Colo., 215 F.3d 1168, 1172 (10th Cir. 2000).

Accordingly, the court finds that plaintiff's claims should be dismissed against defendants to the extent plaintiff seeks monetary damages against defendants in their official capacities.

**2. Individual Capacity Monetary Damages**

Next, defendants argue that any of plaintiff's claims seeking compensatory damages should be dismissed because plaintiff has failed to allege a physical injury as required by the PLRA.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides in relevant part that a "prisoner confined in jail, prison, or other correctional facility" may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). If the prisoner fails to allege or prove the requisite physical injury, § 1997e(e) prohibits claims for money damages. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 808 (10th Cir. 1999); Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009). A plaintiff's "prisoner" status under the PLRA turns on whether the plaintiff was confined at the time the suit was filed. See Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 668 n.1 (11th Cir. 2012); Smith v. Torres, No. 05-cv-02640-EWN-MEH, 2006 WL 2621666, at *7 (D. Colo. Sept. 12, 2006).

There is no dispute that plaintiff was incarcerated when he filed this action. As such, plaintiff must meet the § 1997e(e) physical injury requirement. Plaintiff's Amended Prisoner Complaint (Docket No. 11) does not contain any allegations that he suffered any physical injuries as the result of defendants' actions. Plaintiff is therefore prohibited from making any claims for compensatory damages. See Searles v. Van

Bebber, 251 F.3d 869 (10th Cir. 2001).

**3. Failure to State a Claim**

Defendants argue plaintiff has failed to state a First Amendment retaliation claim as to Claims One, Two, and Three. "[O]fficials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted); see also Hartman v. Moore, 547 U.S. 250, 256 (2006) (noting that "the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, . . ."). Nevertheless, retaliation claims in a prison context are viewed with "skepticism because [e]very act of discipline by prison officials is by definition retaliatory in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 2006) (internal quotation marks and citation omitted). Therefore, "[a]n inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson, 149 F.3d at 1144 (internal quotation marks and citation omitted).

"[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Id. (internal quotation marks and citation omitted); see also Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004) ("[I]n order to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct

and the adverse action.") (citation omitted); Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003) ("To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.").

Plaintiff's claims fail because he does not adequately plead that "but for" a retaliatory motive, the COPD conviction (and the subsequent consequences of the conviction) would not have occurred. In other words, plaintiff does not allege facts which establish that the only reason sexual harassment charge was pursued, and resulting COPD conviction obtained, was to prevent plaintiff from exercising protected speech or punish plaintiff for exercising protected speech. Indeed, plaintiff's allegations plainly establish a lack of a retaliatory motive. Plaintiff alleges that he was charged with sexual harassment because he "subject[ed] another person to written statements of a sexual nature" and that "the documentary evidence contains two references of a sexual nature as perceived by the initiating witness." Docket No. 11, at 3-4, 13. In addition, plaintiff states that defendant Butcher told him that he was "warned in class about what is appropriate and inappropriate subject matter and [was] given options for this assignment," but that plaintiff "chose to violate the instructions [and] directions and was terminated for that reason." Docket No. 11, at 10.

In addition, a "single constitutional reason" for the prison's action, such as preserving institutional order and discipline, "is sufficient to defeat the inmate's retaliation claim." Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993); Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994). Plaintiff's allegations plainly establish there was at least one constitutional reason for the sexual harassment charge, i.e., discipline.

10

Accordingly, the court finds that plaintiff has failed to state a claim for First Amendment retaliation. As such, Claims One, Two, and Three should be dismissed.

**4. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). It "balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. "Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). "Because the focus is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

When a defendant raises a qualified immunity defense, the plaintiff "bears the burden of showing that: (1) the defendants' actions violated a constitutional or statutory right; and (2) the right was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." Cruz v. City of Laramie, Wyo., 239 F.3d 1183, 1187 (10th Cir. 2001).

Here, having found *supra* that plaintiff has failed to state a First Amendment

retaliation claim against defendants, the court finds defendants are entitled to qualified immunity in their individual capacities.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants Falk, Butcher, Jackson, and Infante's Motion to Dismiss Amended Complaint (Docket No. 34) be **GRANTED** and plaintiff's Amended Prisoner Complaint (Docket No. 11) be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: July 8, 2014         s/ Michael J. Watanabe
      Denver, Colorado      Michael J. Watanabe
                                  United States Magistrate Judge