IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02957-PAB-MJW

GARY WAYNE TURNER,

    Plaintiff,

v.

FRANCES FALK, Warden,
ROBERT BUTCHER, Major,
JACKSON, Lieutenant, and
INFANTE, Lieutenant,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 51] filed on July 8, 2014. The magistrate judge recommends that the Motion to Dismiss Amended Complaint [Docket No. 34] filed by defendants Frances Falk, Robert Butcher, William Jackson, and Rochelle Infante be granted and that this case be dismissed in its entirety. Docket No. 51 at 11. Plaintiff filed a timely objection. Docket No. 52. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added).

To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The facts of this case have been set forth elsewhere and will not be restated here except as relevant to resolving plaintiff's objection. *See* Docket No. 12. Plaintiff's amended complaint contains five claims for relief, all of which alleged that defendants retaliated against plaintiff in violation of his First Amendment rights. Docket No. 51 at 2; Docket No. 52 at 3. Plaintiff seeks injunctive relief and compensatory damages. Docket No. 11 at 20. On January 8, 2014, plaintiff's fourth claim for relief against defendant Sharp was dismissed. Docket No. 12 at 4. On May 27, 2014, the Court dismissed plaintiff's fifth claim for relief against defendant Dummit without prejudice. Docket No. 49 at 5.

On March 27, 2014, the remaining defendants filed a motion to dismiss. Docket No. 34. The Recommendation concluded that defendants' motion to dismiss should be granted for the following reasons: (1) plaintiff's claims for monetary damages against

defendants in their official capacities are barred by the Eleventh Amendment, (2) plaintiff's claims for monetary damages against defendants in their individual capacities are barred by the Prison Litigation Reform Act, 42 U.S. C. § 1997e, (3) plaintiff failed to state a First Amendment retaliation claim, and (4) defendants in their individual capacities are entitled to qualified immunity.  Docket No. 51 at 6-11.

The Court turns to plaintiff's objection.  Although plaintiff's objection does not reference specific aspects of the Recommendation, plaintiff appears to object to the Recommendation's conclusion that defendants in their individual capacities are entitled to qualified immunity.  Docket No. 52 at 10, ¶ 7.  The Court need not determine whether plaintiff's objection is sufficiently specific so as to trigger de novo review.  Even under the de novo review standard, the Court finds no error in the Recommendation's conclusion on this issue.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis.  *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008).  Under the first prong of the analysis, the plaintiff is required to "establish that the defendant's actions violated a constitutional or statutory right."  *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)).  The determination of whether a violation occurred under the first prong of the qualified immunity analysis

turns on substantive law regarding that right.  *See, e.g., Casey v. City of Fed. Heights,* 509 F.3d 1278, 1282-83 (10th Cir. 2007).  Under the second prong, the plaintiff must show that the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

The Recommendation concluded that, because plaintiff failed to state a claim for First Amendment retaliation, plaintiff failed to satisfy the first prong of the qualified immunity analysis.  Docket No. 51 at 10-11.  Thus, the Court first considers whether plaintiff has stated a claim for First Amendment retaliation.  To bring a free speech retaliation claim, plaintiff must establish

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Leverington v. City of Colo. Springs*, 643 F.3d 719, 729 (10th Cir. 2011) (quotations omitted).  In the prison context, "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional] right[s]."  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).  However, "an inmate is not inoculated from the normal conditions of [confinement] merely because he has engaged in protected activity."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)).  Thus, "[a]n inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (emphasis in original) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)).  A plaintiff must be able to show that "but for" the

retaliatory motive, the disciplinary action would not have occurred.  *Id.*  In *Allen v. Corrections Corp. of America*, 524 F. App'x 460, 463 (10th Cir. 2013) (unpublished), the plaintiff brought a First Amendment retaliation claim against a correctional staff member, who charged the plaintiff with making threats.  The court rejected plaintiff's argument that his statements were innocuous, concluding that plaintiff had failed to satisfy the but for causation element because plaintiff's statements to the corrections officer "could easily be construed to threaten something more ominous than [plaintiff's] intention to engage in constitutionally-protected activity."  *Id.* at 463-64.

Here, plaintiff's objection identifies no specific facts to support a claim that, but for defendants' allegedly retaliatory motive, plaintiff would not have suffered the adverse actions he complains of.  Plaintiff claims that defendant Butcher told plaintiff that he would be removed from his college class.  Docket No. 11 at 10.  According to plaintiff, defendant Butcher explained to plaintiff that he had been warned in class about inappropriate subject matter and was given options for his essay assignment.  Docket No. 11 at 10.  Plaintiff's amended complaint then states that defendant Butcher told plaintiff that he "chose to violate the instructions [and] directions and was terminated for that reason."  *Id.*  Plaintiff attacks defendant Butcher's stated reason for removing plaintiff from the college class in a conclusory manner, alleging that the essay was a "substantial factor in the retaliatory action" brought against him.  *Id.* at 11.  Such allegations are not entitled to the presumption of truth and plaintiff provides no other facts upon which to conclude that, but for defendant Butcher's alleged retaliatory motive, plaintiff would not have been removed from the college class.  *See Khalik v.*

*United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("conclusory and formulaic recitations" of the elements "are insufficient to survive a motion to dismiss").

Plaintiff's amended complaint states that defendants Jackson and Infante conducted a hearing on the harassment charge against plaintiff and were "satisfied in that the offender Turner did subject another person to written statements of a sexual nature," which included two references of a sexual nature "as perceived by the initiating employee." Docket No. 11 at 12-13. Plaintiff alleges that this decision was retaliatory, but provides no specific facts that rebut defendant Jackson's and defendant Infante's stated reasons for their disciplinary decision. *Cf. Allen*, 524 F. App'x at 463-64.

Plaintiff appealed to defendant Falk, who upheld the disciplinary decision. Docket No. 11 at 8-9. Plaintiff's allegations concerning defendant Falk's alleged retaliatory motivation are vague at best. *See id.* To the extent a retaliatory motive is alleged, plaintiff's causal allegations state only that he was given no warning regarding controversial topics, which does not, by itself, suggest that, but for defendant Falk's allegedly retaliatory motive, defendant Falk would not have upheld the disciplinary decision. Moreover, allegations that plaintiff was provided no warning are somewhat contradicted by, for example, the allegation that defendant Butcher said to plaintiff, "you were warned in class about what is appropriate and inappropriate subject matter." *See* Docket No. 11 at 10; *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 152 (2d Cir. 2014) (holding that "general allegations that are contradicted by more specific allegations in the Complaint" need not be accepted as true (quotation omitted)).

Plaintiff has failed to plead sufficient facts to establish the causal element of his First Amendment retaliation claims.[1]  Thus, the Court finds no error in the Recommendation's conclusion that plaintiff failed to state a claim for First Amendment retaliation.[2]  On the issue of qualified immunity, because plaintiff has failed to state a claim that defendants engaged in a constitutional violation, plaintiff has failed to satisfy the first prong of the qualified immunity defense.  Plaintiff's objection on the issue of qualified immunity is overruled.

The Court turns to the remainder of plaintiff's objection.  Plaintiff argues that the Court should rule on the constitutionality of his essay, determine whether he had a liberty interest in receiving college credits, and determine whether he was protected by the First Amendment.  Docket No. 52 at 9, ¶ 5.  Plaintiff also asserts that he suffered an adverse action for writing his essay.  *Id.* at 9, ¶ 6.  These arguments do not address the Recommendation's conclusions on the issues raised by defendant's motion to dismiss.  *See 2121 East 30th St.*, 73 F.3d at 1060.  Plaintiff's objection also raises multiple arguments related to the dismissal of plaintiff's claims against defendant Sharp and

---

[1]To the extent plaintiff's amended complaint alleges that the complained of actions resulted from the application of prison regulations, *see* Docket No. 11 at 2, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Although plaintiff alleges that the disciplinary actions taken against him lacked a legitimate purpose, this conclusory allegation is insufficient to indicate that "the actions of which he complains were *not* reasonably related to legitimate penological interests."  *Id.* at 1188.

[2]The Court need not reach the portion of the Recommendation concluding that plaintiff's allegations establish "at least one constitutional reason for the sexual harassment charge, i.e., discipline."  *See* Docket No. 51 at 9.

defendant Dummit. *See* Docket No. 52 at 8, ¶¶ 1-3. Because the claims against defendant Sharp and defendant Dummit have already been dismissed, *see* Docket No. 49, plaintiff's arguments do not concern the Recommendation currently before the Court and will not be considered in resolving the present objection.

For the foregoing reasons, the Court finds that the remainder of plaintiff's objection is insufficiently specific so as to trigger de novo review,[3] which permits the Court to review the remainder of the Recommendation under any standard it deems appropriate. *See Thomas*, 474 U.S. at 150. The Court has reviewed the remaining aspects of the Recommendation and is satisfied that no clear error exists on the face of the record.

It is therefore

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 51] is **ACCEPTED**. It is further

**ORDERED** that defendants' Motion to Dismiss Amended Complaint [Docket No. 34] is **GRANTED**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is dismissed in its entirety.

---

[3]This rule, however, does not apply when (1) a pro se litigant has not been informed of the time period for objecting or when (2) the "interests of justice" require review. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation omitted). Neither exception applies here. *See 2121 East 30th St.*, 73 F.3d at 1060 ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies" underlying the firm waiver rule).

DATED December 31, 2014.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge